David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*NORA MERLINO*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| NORA MERLINO, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| CASH 1, LLC, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, NORA MERLINO, by undersigned counsel, states as follows:

## **JURISDICTION**

1.      This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone

without consent, thereby violating the TCPA.

2.     This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq*. ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

3.     Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4.     Defendants have through their conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

5.     Defendant CASH 1, LLC is a "licensee" as that term is defined by NRS 604A.

6.     NRS 604A.415 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

7.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of

the events or omissions giving rise to the claim occurred in this District, and

Defendant regularly conducts business in this District.

## PARTIES

9.     The Plaintiff, NORA MERLINO ("Plaintiff" or "Mrs. Merlino"), is an

adult individual residing in Las Vegas, Nevada.

10.    Plaintiff is, and at all times mentioned herein was, a "person" as

defined by 47 U.S.C. § 153(39).

11.    Defendant CASH 1, LLC ("Defendant" or "CASH1"), is doing

business in the State of Nevada.

12.    Defendant is and at all times mentioned herein was, a corporation and

is a "person," as defined by 47 U.S.C. § 153 (39).

13.    CASH1 at all times acted by and through one or more of the

Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

14.    Plaintiff allegedly incurred a financial obligation (the "Debt") to

CASH1 (the "Creditor").

15.    The Debt was a "high-interest loan" as defined by NRS 604A.0703.

16.    NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect
> the debt owed to the licensee only in a professional, fair

and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

17.     As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.415.

**B. <u>CASH1 Engages in Harassment and Abusive Tactics</u>**

<u>FACTS</u>

18.     Within the two years prior to filing this complaint, the Plaintiff took out a loan with CASH1 and attempted to repay the high-interest loan.

19.     However, she found herself unable to pay the high-interest loan and the Debt went into default.

20.     Thereafter, CASH1 commenced collection efforts against the Plaintiff to collect the defaulted Debt.

21.     Specifically, CASH1 began placing calls to the Plaintiff's cell-phone ending "3836" to collect the Debt.

22.     The Plaintiff upon receiving calls from CASH1 immediately advised CASH1 to cease its collection calls since she was not in a position to repay the Debt and did not want to be annoyed by CASH1's collection calls.

23.     However, CASH1 continued placing calls to the Plaintiff to collect the Debt often on a daily basis.

24.     Plaintiff on more than one occasion advised CASH1 that its calls were annoying and needed to stop.  However, CASH1's calls persisted.

25.     CASH1 also contacted the Plaintiff's credit "references" to collect the Debt, even though neither the Plaintiff nor her references provided CASH1 permission to contact them to collect the Debt.

26.     Upon information and belief, the Plaintiff's credit references were also called more than one time for a purpose other than to obtain location information about the Plaintiff in violation of 15 U.S.C. §1692b.

27.     As the Plaintiff's efforts to curb CASH1's collection were futile this suit results.

## C. **Plaintiff Suffered Actual Damages**

28.     The Plaintiff has suffered and continues to suffer actual damages as a result of CASH1's unlawful conduct.

29.     Further, Plaintiff alleges that Defendants actions at all times herein were "willful."

30.     As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, emotional distress, frustration, rage, headaches, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection efforts.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

31.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

32.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

33.     47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A)     to store or produce telephone numbers to be called,
    using a random or sequential number generator; and

    (B)     to dial such numbers.

34.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

35.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[1]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

36.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

37.     On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent".  *Id*. at ¶ 30.

38.     Further, consumers (like the Plaintiff) may revoke consent through any reasonable means.  *Id*. at ¶ 47.

39.     Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent.  *Id*. at ¶ 58.

40.     Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id*. at ¶ 61.

_____

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

41.    Consumers have a right to revoke consent, using any reasonable method including orally or in writing.  *Id*. at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

42.    Within the four years prior to filing the instant complaint, the Plaintiff received numerous calls from the Defendant.

43.    Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

44.    Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "3836" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).  Specifically, there were slight pauses before each call connected.

45.    Immediately upon receiving collection calls, Plaintiff instructed Defendant or its agent(s) not to call the Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

46.    However, Defendant placed calls to the Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

47.    Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

48.     The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

49.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

50.     Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

51.     The Plaintiff suffered actual harm and loss, since the unwanted calls depleted the Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm.  While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from the Defendant's unwanted phone calls to the Plaintiff's cell phone.

52.     Plaintiff also suffered from an invasion of a legally protected interest by placing calls to the Plaintiff's personal phone line when the Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy.  The TCPA protects consumers from this precise behavior.

53.     Plaintiff has a common law right to privacy.  *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

54.     Plaintiff was also personally affected, since the Plaintiff felt that the Plaintiff's privacy had been invaded when the Defendant placed calls to the Plaintiff's phone line without any consent to do so.

55.     The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.415)

56.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

58.     The Defendants' conduct violated 15 U.S.C. § 1692b in that Defendant contacted 3rd parties to collect the Debt.

59.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

60.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged the Plaintiff in repeated conversations in connection with the collection of a debt.

61.     The Defendants' conduct violated 15 U.S.C. § 1692e in that

Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

62.    The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

63.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

64.    The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

65.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

66.    The Plaintiff is entitled to damages as a result of Defendants' violations.

67.    The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

**Negligent Violations of the**
**Telephone Consumer Protection Act,**
**(47 U.S.C. § 227, *et seq.*)**

68.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

69.     Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

70.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

71.     As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

72.     Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

**Knowing and/or Willful Violations of the**
**Telephone Consumer Protection Act,**
**(47 U.S.C. § 227, *et seq.*)**

73.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

74.     Defendant knowingly and/or willfully placed multiple automated calls

to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

75.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

76.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

77.     Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1.  for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2.  for statutory damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3.  for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4.  for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5.  for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

6.  "void" the Debt, bar Defendant from collecting thereon, and compel the Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7.  Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8.  Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9.  Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

…

…

…

10. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 16, 2017

Respectfully submitted,

By /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*NORA MERLINO*